**MacArthur HUBBARD, Plaintiff,**

v.

**Margaret HECKLER, Secretary of the Department of Health and Human Services, Defendant.**

**No. 85 C 0065.**

United States District Court, N.D. Illinois, E.D.

Oct. 31, 1985.

Christine M. Naper, Legal Assistance Foundation of Chicago, Chicago, Ill., for plaintiff.

Anton R. Valukas, U.S. Atty. by William T. Clabault, Asst. U.S. Atty. Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Before this Court is plaintiff's motion for summary judgment. Hubbard brings this action pursuant to Section 1602 of the Social Security Act, 42 U.S.C. § 1381a. Hubbard seeks summary reversal of defendant Secretary of Health and Human Services' ("Secretary") denial of Hubbard's Social Security disability benefits. Alternatively, Hubbard requests that this case be remanded to the Secretary for further proceedings. Jurisdiction is based on 42 U.S.C. §§ 405(g) and 1383(c)(3).

The sole issue presented is whether the Secretary's final decision is based upon substantial evidence. For the reasons stated herein, this Court finds that the Secretary's decision is based upon substantial evidence and denies Hubbard's motion for summary judgment.

## FACTS

Hubbard applied for Social Security disability benefits in 1983 alleging inability to work due to high blood pressure, ulcers, asthma, seizures, and a bad liver. His application was denied and an administrative hearing was held. Testimony at the hearing revealed that Hubbard was 41 years old, five feet nine inches tall, and 135 pounds. Hubbard's prior employment included work as a gas station attendant, messenger, cab driver, and lamp assembler. The hearing also revealed the results of extensive medical testing of Hubbard by three doctors. That medical evidence established that Hubbard had severe hypertension, seizures, peptic ulcer disease, and bronchial asthma with chronic bronchitis, but that Hubbard did not have an impairment or combination of impairments that qualified as a disability under the Social Security Act. Consequently, the Administrative Law Judge ("ALJ") found that Hubbard's impairments did not prevent Hubbard from performing the duties required by his past employer. Accordingly, the ALJ denied Hubbard's claim for benefits.

Hubbard sought review of the ALJ's decision by the Appeals Council of the Social Security Administration. The Appeals Council declined to review the decision. Hubbard seeks judicial review by this Court.

## DISCUSSION

Hubbard argues that the Secretary's decision is in error because it was not based on substantial evidence. First, Hubbard maintains that the ALJ failed to fully develop the record to determine the effect of Hubbard's alcohol abuse on his ability to perform substantial gainful activity. Second, Hubbard contends that the ALJ failed to consider the combined effect of Hubbard's impairments in making the disability determination.

Judicial review of the Secretary's decision is limited to a determination of whether the Secretary's findings are supported by substantial evidence based on the record as a whole. *Debolt v. Califano*, 445 F.Supp. 893, 896 (N.D.Ill.1978). It is not this Court's function to appraise the evidence de novo. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

Substantial evidence exists in the record to support the Secretary's finding that Hubbard's physical impairments do not rise to the level of a "disability". Although Hubbard's condition was undoubtedly painful, there is no evidence in the record to indicate that his condition was sufficiently incapacitating to meet the "disability" requirement of the Social Security Act. After holding a hearing and carefully considering the entire record, the ALJ concluded that Hubbard's impairments could be controlled with medication and abstinence from alcohol. This Court finds that the ALJ acted reasonably in concluding that Hubbard was not disabled. This finding, however, is not dispositive of this case.

Hubbard does not contend that the ALJ erroneously concluded Hubbard was not

disabled. Rather, Hubbard argues that the ALJ failed to determine the extent and effect of Hubbard's alcohol use. Hubbard believes there was sufficient evidence on the record to compel the ALJ to conduct additional hearings to determine the effect of Hubbard's drinking habits on his ability to perform substantial gainful activity.

Hubbard's brief in support of his motion consistently refers to Hubbard's drinking habits as "abusive" and "chronic". However, the entire 177-page record only refers to Hubbard's drinking habits three times. First, Dr. Carasig noted during an examination with Hubbard that "there is positive alcohol in the breath." Second, Dr. Racal noted during a different examination that Hubbard "drank alcohol." Last, Hubbard denied drinking alcohol. The Court finds that these minor references to drinking do not constitute abusive, chronic alcoholism. Nor should the references compel a reasonable ALJ to conduct additional hearings in a search for a possible history of drinking problems. Alcohol on Hubbard's breath could have been caused by only a few drinks. Since the record fails to reflect any credible evidence of alcohol problems sufficient to trigger the need for additional hearings, the ALJ's decision will not be reversed.

Hubbard's second argument contends the ALJ failed to consider the combined effect of Hubbard's impairments in making the disability determination. This argument is also unpersuasive. Hubbard offers no evidence that questions the credibility of the ALJ's decision. The ALJ's willingness to consider both exertional and nonexertional impairments leads this Court to conclude that the ALJ was similarly willing to consider the combined effect of Hubbard's impairments. Accordingly, Hubbard's motion to remand this case for further proceeding is denied.

## CONCLUSION

This Court denies Hubbard's motion to summarily reverse the Secretary's decision to deny Hubbard Social Security disability benefits. In addition, Hubbard's alternative motion to remand this case for further proceedings is also denied.

IT IS SO ORDERED.